Case 1:15-cv-00215   Document 14   Filed in TXSD on 12/28/16   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
December 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ISRAEL HERNANDEZ-ROMERO,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:15-215 |
| | § | Criminal No. B:13-546-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 23, 2015, Petitioner Israel Hernandez-Romero filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On February 22, 2016, the United States timely responded to the petition. Dkt. No. 8.

After reviewing the record and the relevant case law, it is recommended that Hernandez-Romero's petition be denied because it is legally and substantively meritless.

## I. Procedural and Factual Background

On July 2, 2013, a federal grand jury – sitting in Brownsville, Texas, – indicted Hernandez-Romero for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Hernandez-Romero, Criminal No. 1:13-546-1, Dkt. No. 6 (hereinafter "CR").

### A. Rearraignment

On January 8, 2014, Hernandez-Romero appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 29.

On that same day, the Magistrate Judge issued a report and recommendation that the District Judge accept Hernandez-Romero's plea of guilty. CR Dkt. No. 29.

---

[1] While the indictment alleged that Hernandez-Romero had been convicted of an aggravated felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Hernandez-Romero was assessed a base offense level of eight for illegally re-entering the United States. CR Dkt. No. 25, pp. 4-5. Hernandez-Romero was also assessed a 16-level enhancement, because he had previously been convicted of a "crime of violence," namely a 2008 Texas state conviction for burglary of a habitation  Id.  Hernandez-Romero received a three-level reduction for acceptance of responsibility. Id, p. 5.  Thus, Hernandez-Romero was assessed a total offense level of 21.

Regarding his criminal history, Hernandez-Romero had six adult criminal convictions and was assessed eight criminal history points. CR Dkt. No. 25, p. 8.  He was assessed an additional two points because he was on parole at the time that he committed the instant offense. Id.  He was assessed 10 total criminal history points, resulting in a criminal history category of V. Id.  Based upon Hernandez-Romero's offense level of 21 and criminal history category of V, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 12.

As relevant here, Hernandez-Romero, via counsel, objected to the 16-level enhancement, arguing that a burglary of a habitation conviction was not a crime of violence. CR Dkt. No. 24.

On April 14, 2014, the District Judge adopted the report and recommendation, accepting Hernandez-Romero's guilty plea. CR Dkt. No. 30.  On that same day, the Court held the sentencing hearing.

At that hearing, the District Judge overruled Hernandez-Romero's objection. CR Dkt. No. 39, p. 6. Id, p. 4.  The District Court sentenced Hernandez-Romero to 70 months of imprisonment; two years of unsupervised release; and a $100 special assessment fee, the last of which was ordered remitted. CR Dkt. No. 39, pp. 9-10.  The judgment was entered on May 15, 2014. CR Dkt. No. 32.

### C. Direct Appeal

Hernandez-Romero timely filed a notice of direct appeal. CR Dkt. No. 32.  On direct appeal, Hernandez-Romero's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 41.  On December 16, 2014, the Fifth Circuit

granted appellate counsel's motion to withdraw and dismissed Hernandez-Romero's appeal, finding that it contained no nonfrivolous issues for appellate review. Id.

Neither the Fifth Circuit docket, nor the Supreme Court docket, reflect the filing of a petition for a writ of certiorari with the Supreme Court of the United States.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On December 23, 2015, Hernandez-Romero timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Hernandez-Romero raised three claims: (1) his burglary of a habitation conviction was no longer a "crime of violence," pursuant to Johnson v. U.S., 135 S.Ct. 2251 (2015); (2) his lawyer was ineffective for failing to challenge his crime of violence enhancement on the grounds that he was not sentenced to a term of incarceration for his burglary of a habitation conviction; and (3) his lawyer was ineffective for not challenging his previous removal order.

On February 22, 2016, the United States filed a response, in which it asserted that Hernandez-Romero's petition should be denied because it is meritless. Dkt. No. 8.

## II. Applicable Law

### A. Section 2255

Hernandez-Romero seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Hernandez-Romero's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Hernandez-Romero's claim.

### A. Johnson is inapplicable

Hernandez-Romero asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). For the reasons discussed

below, Johnson does not apply to Hernandez-Romero's case, because he was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA. The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The underlined portion of § 924(e)(2)(B) has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Hernandez-Romero, none of it applies to his case. Hernandez-Romero was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and (b). CR Dkt. No. 37. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 25. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Hernandez-Romero with a vehicle for relief.

### B. Crime of Violence

Hernandez-Romero asserts that his trial and appellate counsel were ineffective for failing to object to the 16-level enhancement for a "crime of violence," based on his burglary of a habitation conviction. Hernandez-Romero argues that because he received a deferred

5

adjudication sentence – with no incarceration imposed at sentencing – that his conviction was not a crime of violence. This claim is meritless.

In 2008, Hernandez-Romero was convicted of burglary of a habitation and given a 120 month sentence of deferred adjudication probation. CR Dkt. No. 25, p. 7. In 2011, his probation was revoked and he was sentenced to three years of imprisonment. Id.

The Fifth Circuit has "consistently treated Texas deferred adjudications as 'convictions' under the Sentencing Guidelines." U.S. v. Mills, No. 16-40258, 2016 WL 7174651, at *3, n. 2 (5th Cir. Dec. 8, 2016) (citing U.S. v. Ramirez, 367 F.3d 274, 277 (5th Cir. 2004)). Thus, the fact that Hernandez-Romero was merely given deferred adjudication probation did not prevent the Court from imposing the 16-level enhancement.

Furthermore, the Court properly enhanced Hernandez-Romero's sentence based upon his burglary of a habitation conviction. The Sentencing Guidelines provide that a defendant – who is convicted of illegal re-entry – is subject to a 16-level sentencing enhancement, if he has a previous conviction for a crime of violence. U.S.S.G. § 2L1.2. The Sentencing Guidelines expressly identify "burglary of a dwelling" as a crime of violence. U.S.S.G. § 2L1.2, comment n.1(B)(iii).

The mere labeling of an offense as burglary of a dwelling, however, is insufficient to warrant the application of the 16 level enhancement imposed by § 2L1.2. U.S. v. Mohr, 554 F.3d 604, 610 (5th Cir. 2009) ("The elements of state offenses determine whether a prior offense was a crime of violence under federal law, not labels under state law."). Instead, the Court must first look to the elements of the crime of conviction, to determine if those elements "are the same as or narrower than those of the generic offense of burglary of a dwelling." U.S. v. Conde-Castaneda, 753 F.3d 172, 175 (5th Cir.), cert. denied, 135 S. Ct. 311, 190 L. Ed. 2d 225 (2014).

The relevant portions of the Texas burglary of a habitation statute provide:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a

6

>    felony, theft, or an assault;  or
>
>    (2)  remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation;  or
>
>    (3)  enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code § 30.02(a).

Thus, there are three different types of offense set forth in this statute.  The Fifth Circuit has concluded that a conviction under section 30.02(a)(1) meets the generic elements of burglary of a dwelling. U.S. v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).  The Fifth Circuit has also held that a conviction under section (a)(3) does not meet those elements, because it lacks an element of intent. U.S. v. Constante, 544 F.3d 584, 587 (5th Cir. 2008).[2]

The distinguishing factor, as set forth in the Fifth Circuit's analysis, is whether the defendant entered the habitation with the intent to commit a crime.  If the person enters the building with the intent to commit one of the listed offenses, then the act constitutes a crime of violence.  On the other hand, if the entry was committed, and then – after the entry was effected – the intent to commit one of the listed offenses was formed, the offense does not qualify as a crime of violence.

In order to determine if Hernandez-Romero was convicted under section (a)(1) or section (a)(3), the Court may "look at so-called Shepard[3] documents, which include the charging document, written judicial confession, and judgment." Conde-Castaneda, 753 F.3d at 176 (footnote added).

In this case, Hernandez-Romero's state court indictment charged that he entered a habitation "with intent to commit theft. " CR Dkt. No. 31, p. 6.  As part of his plea

---

[2] It does not appear that the Fifth Circuit has ever decided whether a conviction under Section (a)(2) qualifies as a crime of violence.  That section, however, is not applicable to this case.

[3] Shepard v. U.S., 544 U.S. 13 (2005).

7

agreement, Hernandez-Romero stated, under oath, that he had "read the indictment or information filed in this case" and "committed each and every act alleged therein" and that "all facts alleged in the indictment or information are true and correct." CR Dkt. No. 31, p. 5. Hernandez-Romero pled guilty to the second degree felony burglary of a habitation. Id, p. 1.

The Fifth Circuit recently decided a case with identical circumstances: an illegal re-entry defendant; who was convicted of the second-degree felony of burglary of a habitation; using the same language in the state court indictment. In that case, the Fifth Circuit held: (1) the defendant was convicted under section (a)(1); and (2) the crime of violence enhancement was applicable under U.S.S.G. 2L1.2(b)(1)(A)(ii). U.S. v. Hernandez-Borjas, No. 15-40190, 2016 WL 833395, at *5 (5th Cir. Mar. 3, 2016) (unpubl.). Accordingly, given the identical circumstances in the instant case, it seems clear that the enhancement was properly applied.[4]

Because the Court was justified in imposing the 16-level enhancement, neither his trial nor his appellate counsel were deficient for failing to raise a meritless objection. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections."). This claim is meritless and should be denied.

**C. Prior Removal Order**

Hernandez-Romero alleges that his counsel was ineffective for failing to challenge the prior removal order. This claim is meritless.

Within established parameters, an alien may collaterally challenge a prior deportation or removal order, when the prior order is used to prove an element of a criminal offense. U.S. v. Mendoza-Lopez, 481 U.S. 828 (1987). "In order successfully to collaterally attack a

---

[4] Additionally, the foregoing analysis also resolves Hernandez-Romero's claim that his burglary of a habitation conviction was not a crime of violence. While Mathis v. U.S., --- U.S. ----, 136 S.Ct. 2243 (June 23, 2016), may alter the analysis of whether burglary of a habitation is a crime of violence, Mathis has not been held to be retroactive on collateral review, so Hernandez-Romero cannot benefit from it in these proceedings. In re Lott, No. 16-10866, 2016 WL 5349745, at *1 (5th Cir. Sept. 26, 2016). Furthermore, the Fifth Circuit has held that burglary of a habitation remains a crime of violence post-Mathis. U.S. v. Uribe, No. 15-51223, slip. op. (5th Cir. October 3, 2016).

deportation order in a § 1326 prosecution, the alien must show (1) that the deportation hearing was fundamentally unfair, (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and (3) the procedural deficiencies caused him actual prejudice." U.S. v. Benitez-Villafuerte, 186 F.3d 651, 658 (5th Cir. 1999).

Hernandez-Romero has not shown any of these elements. He has not shown that he was unable to challenge his removal via judicial review of his immigration proceedings or that he had a valid defense to deportation. What is clear and supports his prior deportation, is that Hernandez-Romero had no legal status to be within the United States. CR Dkt. No. 25, p. 2. Counsel is not ineffective for failing to raise meritless arguments. Koch, 907 F.2d at 527.

This claim is meritless and counsel was not ineffective for failing to raise this argument, for which reason it should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Israel Hernandez-Romero's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a

constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Hernandez-Romero's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Hernandez-Romero's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 28, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge